RECEIVED

NOV - 3 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARCUS SHEFFIELD | § | |
| Plaintiff, | § | |
| | § | **SA25CA1442 XR** |
| v. | § | |
| | § | |
| TYSON FOODS, | § | (CAUSE NO.) |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **MARCUS SHEFFIELD**, filing Pro Se, brings this Complaint against Defendant, **TYSON FOODS, INC.** (hereinafter "Tyson"), and alleges as follows:

### I. JURISDICTION AND VENUE

1.  This Court has **subject matter jurisdiction** based on **Federal Question Jurisdiction** pursuant to 28 U.S.C. § 1331, as the claims arise under the Americans with Disabilities Act (ADA) and the Racketeer Influenced and Corrupt Organizations Act (RICO).

2.  This Court also has **Diversity of Citizenship Jurisdiction** pursuant to 28 U.S.C. § 1332, as Plaintiff is a citizen of Texas, and Defendant Tyson Foods, Inc. is a Delaware corporation with its principal place of business in Arkansas, establishing complete diversity. The **amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00)**, exclusive of interest and costs.

3.  The Court has **supplemental jurisdiction** over the related state law claims, including Personal Injury and Wrongful Termination, pursuant to 28 U.S.C. § 1367.

4.  **Venue** is proper in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391, as the final injury, termination, and critical decisions affecting Plaintiff's employment occurred within this District.

1

## II. PARTIES

5. Plaintiff **Marcus Sheffield** is an adult individual residing in Seguin, Texas, and is proceeding Pro Se.

6. Defendant **Tyson Foods, Inc.** is a corporation doing business in the State of Texas and operates facilities nationally and internationally, including the Gonzales Feed Mill. Tyson is an "employer" within the meaning of the ADA.

## III. ADMINISTRATIVE PREREQUISITES

7. Plaintiff timely filed a Charge of Discrimination with the EEOC (EEOC Charge No. 451-2025-02326) alleging **Disability Discrimination and Retaliation**. See *Exhibit A*.

8. Plaintiff received a Notice of Right to Sue from the EEOC on **July 31, 2025**, and is filing this action within ninety (90) days of its receipt. See *Exhibit B*.

## IV. STATEMENT OF FACTS: THE PATTERN OF CONCEALMENT

9. Plaintiff suffered **three distinct, work-related injuries to his shoulder** while employed by Tyson, demonstrating a pattern of neglect and denial of care across multiple facilities and states:

    o **Injury 1:** Dallas, Texas (October 16, 2023).

    o **Injury 2:** Humboldt, Tennessee (August 16, 2024).

    o **Injury 3:** Gonzales, Texas (October 18, 2024).

10. Despite reporting these injuries, the Tyson Enterprise, through its OHS and management staff across these sites, engaged in a systematic effort to **conceal the injuries**, deny proper medical treatment, and fail to provide necessary accommodations. This pattern of denial across state lines served to suppress official **OSH Act injury reporting** requirements and fraudulently limit workers' compensation liability.

11. **Disability and Discrimination (PTSD/Cannabis).** Plaintiff is a qualified individual with disabilities, including the shoulder injury and **Post-Traumatic Stress Disorder (PTSD)**. Defendant was aware of Plaintiff's use of **authorized medical cannabis** as a treatment for his PTSD. The denial of reasonable accommodation and subsequent adverse employment action due to his medical cannabis use constitutes unlawful disability discrimination.

2

12. **Whistleblower Activity (OSH Act & FSMA).** Plaintiff engaged in extensive protected activity by repeatedly exposing and attempting to enforce critical violations of federal law and company policy, including:

   o Reporting serious **OSH Act violations** (e.g., machine guarding, LOTO failures, lack of mandatory training per 1910.9(b)).

   o Reporting systemic **Food Safety Modernization Act (FSMA) violations,** including poor housekeeping, accumulation of ingredients near truck pits, and risks of cross-contamination.

13. **Retaliation and Concealment.** The adverse employment actions against Plaintiff began with his **suspension on October 31, 2024,** and culminated in his **termination on December 20, 2024.** This was the result of a retaliatory scheme to punish him not only for his extensive whistleblower activity (OSH Act and FSMA compliance), but also for **seeking necessary medical treatment** for his numerous work-related shoulder injuries across multiple states, and for utilizing **authorized medical cannabis** to treat his diagnosed PTSD disability. The suspension and termination were motivated by the desire to silence and punish him for his protected status and activities.

14. **Pretext and the RICO Predicate Acts.** Defendant used the pretext of "misuse of company funds and property" (related to the purchase of team member steel-toe boots) as a cover for the unlawful retaliation. This retaliatory termination, along with the systematic denial of injury claims and suppression of OSH Act/FSMA reporting, was communicated and executed through the use of interstate wire and mail facilities (emails, internal systems, documentation), forming the predicate acts for the RICO claim.

## V. CAUSES OF ACTION

## COUNT I: DISABILITY DISCRIMINATION (ADA) - FAILURE TO ACCOMMODATE & DISCHARGE

15. Plaintiff realleges and incorporates by reference the preceding paragraphs.

16. Defendant unlawfully discriminated against Plaintiff on the basis of his disabilities (shoulder injury and PTSD) by: (a) systematically denying requests for medical care and accommodation for the shoulder injury; and (b) utilizing the Plaintiff's authorized use of medical cannabis for his PTSD as a basis for adverse employment action, including his termination.

17. Defendant failed to engage in the necessary interactive process required under the ADA.

## COUNT II: RETALIATION (ADA, OSH ACT, FSMA WHISTLEBLOWER)

18. Plaintiff realleges and incorporates by reference the preceding paragraphs.

19. Defendant retaliated against Plaintiff by terminating him because he engaged in multiple protected activities, including: (a) seeking reasonable accommodations and pursuing his injury claim (ADA/Workers' Comp retaliation); and (b) making good-faith reports of serious **OSH Act and FSMA compliance violations** to management and HR.

20. Defendant's stated reason for termination is a false pretext for unlawful retaliation.

## COUNT III: VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO)

21. Plaintiff realleges and incorporates by reference the preceding paragraphs.

22. **The RICO Enterprise:** Defendant Tyson Foods, Inc., and its associated management, HR, and OHS personnel across multiple states (Dallas, Humboldt, Gonzales) and corporate divisions (HR, Maintenance, OHS) constitute an "enterprise" within the meaning of 18 U.S.C. § 1961(4).

23. **The Pattern of Racketeering Activity:** This Enterprise engaged in a continued **pattern of racketeering activity** by using interstate mail and wire systems (email, internal communications, company documentation) to execute a scheme involving multiple acts of **Mail Fraud** and **Wire Fraud** (18 U.S.C. §§ 1341, 1343), the purpose of which was to:

    o **Conceal injuries** across multiple sites to defraud federal regulators (OSHA) and insurance carriers.

    o **Conceal systemic violations** of the **OSH Act and FSMA** to avoid regulatory penalties and business expenses.

    o **Obstruct Justice** by retaliating against and terminating Plaintiff (using the wire/email systems to communicate the false P-Card pretext) to silence a whistleblower who threatened to expose the OSH Act and FSMA concealment.

24. Plaintiff suffered direct injury to his business or property (lost wages, career destruction, and loss of business reputation) by reason of these RICO violations.

## COUNT IV: PERSONAL INJURY (Negligence and Malfeasance)

25. Defendant owed a duty of care to Plaintiff to maintain a safe workplace and provide timely and authorized medical care for reported injuries.

26. Defendant breached this duty through its negligence and corporate malfeasance by actively denying care and attempting to conceal the three shoulder injuries across three separate facilities.

4

27. As a direct result of Defendant's negligence, Plaintiff sustained severe and permanent physical injuries, causing physical pain, suffering, and emotional distress.

## COUNT V: WRONGFUL TERMINATION IN VIOLATION OF TEXAS PUBLIC POLICY

28. Plaintiff realleges and incorporates by reference the preceding paragraphs.

29. Plaintiff was terminated in retaliation for: (a) pursuing his injury benefits claim (Texas Labor Code § 451.001); and (b) making good-faith reports of safety and quality violations (common law whistleblower claims under Texas public policy).

30. Defendant's termination of Plaintiff was intentional, willful, and constitutes wrongful discharge in violation of clear public policy.


## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Marcus Sheffield prays for judgment against Defendant Tyson Foods, Inc. as follows:

A. COMPENSATORY DAMAGES: For actual damages, including lost wages, back pay, lost benefits, medical expenses, and general damages for pain, suffering, and emotional distress, in an amount to be determined at trial.

B. TREBLE DAMAGES: For Treble Damages under the RICO Act (18 U.S.C. § 1964(c)).

C. PUNITIVE DAMAGES: For punitive and exemplary damages, due to Defendant's willful, malicious, and reckless indifference to Plaintiff's federally protected rights.

D. EQUITABLE RELIEF: For reinstatement to his former position or front pay in lieu of reinstatement.

E. DECLARATORY JUDGEMENT: For the Court to determine Tyson's has violated Plaintiff's rights as alleged above and owes Plaintiff the duties as alleged above.

F. For pre-judgment and post-judgment interest, and all costs associated with this action.

G. For such other and further relief as the Court deems just and equitable.


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Marcus Sheffield

Plaintiff, Pro Se

209 Alligator Creek

Seguin, TX 78155

(817) 298-8551

mtylersheffield@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of October, 2025, I am filing the foregoing document and will serve a copy of the Summons and Complaint upon the Defendant in accordance with the Federal Rules of Civil Procedure.

Marcus Sheffield

Plaintiff

# EXHIBIT

# A

Sheffield's Charge of Discrimination

US EEOC

EEOC No. 451-2025-02326 | FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
|---|---|
| EEOC | 451-2025-02326 |
| Texas Workforce Commission Civil Rights Division | |

---

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: Mr. Marcus Sheffield

Phone No.:        (817) 298-8551

Year of Birth:    1991

Mailing Address: 209 Alligator Creek

Seguin, TX 78155

---

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: Tyson Foods

No. Employees, Members: 501+ Employees

Phone No.:

Mailing Address: 2504 CHURCH ST

GONZALES, TX 78629, UNITED STATES OF AMERICA

Name:

No. Employees, Members:

Phone No.:

Mailing Address:

---

DISCRIMINATION BASED ON:

Disability, Retaliation

---

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 10/21/2024

Latest: 12/20/2024

---

THE PARTICULARS ARE:

Around March 29, 2024, I accepted an offer to be reemployed as a production supervisor with relocation assistance from Missouri to Tennessee. My official start date was April 25, 2024.

Around August 25, 2024, I transferred to the Gonzales, Texas plant as a Night Manager at the feed mill.

My supervisor was Brian Engelhardt.

Shortly after beginning this position, I began to overhear several employees complain of a smell relating to Cannabis usage. I reached out to Human Resources (OHS) regarding this and explained I had a prescription for such usage due to my disability. I was informed that they would honor the usage but mentioned I cannot be under the influence of the substance while working or operating machinery. I believe shortly after this there was a dislike having a manager employed at Tyson Foods able to use Cannabis.

Around October 16, 2024, I made a request to be referred to a medical provider due to injuring my shoulder on the job. I have made several requests in the past around August 2024 and dating back to October 2023 while working at another location. However, each time I was never referred to a medical provider and my requests went unanswered.

Around October 29, 2024, I was informed of being suspended for three days with pay relating to accusations of instructing team members to work on a machine without ensuring the equipment was locked out. The accusation also mentioned the team

---

EEOC Form 5 (06/24)                                                            Page 1 of 4

7 A/

EEOC No. 451-2025-02326 | FEPA No.

members were in an unsafe position due to a proper lockout procedure not being used. However, I had not received the three stages of training relating to lockout situation. Per Tyson Foods policy, I should have been trained on three prongs of LOTO training before being authorized to instruct or take such procedures.

Around December 9, 2024, I was notified via certified mail that I was not going to be referred to a medical provider.

Around December 20, 2024, I was notified that I was being discharged for misuse of company property and funds. I was accused of purchasing work-related steel toe boots as required without authorization, purchasing a pizza from a bar location for personal consumption, and toll-road charges regarding accusations of using a company vehicle without authorization and resulted in a charge of $2. It was also referenced later, that the suspension from October 2024 for safety concerns was cited as a reason for my termination.

I believe the decision to suspend me around late October 2024, for the alleged safety violation was another occurrence of discrimination and retaliation under the Americans with Disabilities Act (ADA) of 1990.

The above accusations are false reasons provided by Tyson Foods as I had authorization to purchase the work boots, purchased a pizza for a subordinate to eat but when he left resulted in me consuming it to avoid waste, and I was authorized by my supervisor to use the company vehicle to move furniture I had in storage.

I believe I have been discriminated and retaliated against due to my disabilities in violation of the Americans with Disabilities Act (ADA) of 1990, as amended.

7 A2

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

Digitally Signed By: Mr. Marcus Sheffield
07/15/2025
Charging Party Signature & Date

---

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

Notarized Signature of Charging Party

Subscribed and sworn to before me this date:

Signature of Notary_____

Printed Name _____

---

# EXHIBIT

# B

Right to Sue Letter

7/31/2025

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**San Antonio Field Office**
5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229
(210) 640-7530
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 07/31/2025

**To:** Mr. Marcus Sheffield
209 Alligator Creek
Seguin, TX 78155

Charge No: 451-2025-02326

EEOC Representative and email:     Arturo Garcia
Federal Investigator
arturo.garcia@eeoc.gov

---

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 451-2025-02326

On behalf of the Commission,

for    Norma J. Guzman
Field Director

8B1

**Cc:**
Tyson Foods
2504 Church St
Gonzales, TX 78629


**Please retain this Notice for your records.**