**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MARCUS SHEFFIELD and TORY ROBINSON, | § § § § § | |
| Plaintiffs | § § | |
| v. | § § | Case No. SA-25-CV-1442-XR |
| TYSON FOODS, INC., TYSON FARMS, INC., HILLSHIRE BRANDS COMPANY, DONNIE KING, MELVIN FULSON, SHANNON JANDORF, BRIAN ENGELHARDT, JOHN "TRENT" PONTIUS, SAMANTHA SPEIGHTS, CECILIA PEREZ, BECCA BURKETT, KIMBERLY HERRERA, TREVOR WHITTINGTON, MATT MAUK, JESS CHADDICK, ZENIFF FLORES, TREVOR BARKER, CRAIG DENTON, JESSICA BECERRA, PRECIOUS JOHNSON, AND FRED WOODS, | § § § § § § § § § § § § § § § § § | |
| Defendants. | | |

**DEFENDANTS' SURREPLY IN OPPOSITION TO PLAINTIFF SHEFFIELD'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants respectfully submit this Surreply to address three new arguments and objections raised for the first time in Plaintiff's Reply (ECF No. 79): (1) Plaintiff's new estoppel theory; (2) Plaintiff's belated assertion of prejudice; and (3) Plaintiff's evidentiary objection to Defendants' Exhibit D (Plaintiff's Acknowledgment of Receipt of the SPD). None of these arguments rescue Plaintiff's Motion from the fundamental deficiencies identified in Defendants' Response (ECF No. 77).

## I.    INTRODUCTION

The Court should reject Plaintiff's improper use of his Reply to recast several arguments from his Motion and introduce new theories that he did not assert in his summary judgment brief

1

326221852v.2

and that are not supported by the summary judgment record.[1] For example, despite conceding that the Fifth Circuit has rejected the de facto administrator doctrine, Plaintiffs attempts to shift to a new theory that Defendants somehow misled him by providing him accurate information about how to appeal his claim denial. He also attempts to establish prejudice through medical invoices attached for the first time to the Reply. And his objection to Defendants' Exhibit D based on the fact he was subsequently rehired fails to contend with the governing legal standard. Indeed, each of Plaintiff's arguments fails as a matter of law and procedure.

## II.    ARGUMENT

### A. Plaintiff's Equitable Estoppel Theory Fails as a Matter of Law and is not Properly Before this Court.

### 1. Plaintiff's estoppel theory was raised for the first time in his Reply and is waived.

It is well settled that "[a]rguments raised for the first time in a reply brief, even by pro se litigants … are waived." *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005); *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010); *Gillaspy v. Dallas Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008) ("It is the practice of this court and the district courts to refuse to consider arguments raised for the first time in reply briefs."); *see also Scott v. White*, 1:16-cv-1287-RP, 2019 WL 122055 n.2 (W.D. Tex. Jan. 7, 2019) (defendant's argument raised for the first time in a reply brief are waived). Plaintiff's Motion advanced two theories of administrator liability: (1) the

---

[1] Concurrently with this Surreply, Defendants submit the Declaration of Mary Fletcher, Managing Director of Integrated Health Services (Ex. E, Decl. of Mary Fletcher), which provides sworn foundation for the Plan's administrative structure. Ms. Fletcher confirms that (1) Tyson Foods, Inc. is the sole named Plan Administrator (Ex. E ¶ 3); (2) Program Administrators, LLC's authority was limited to determining appeals of benefit claims and it had no other Plan administration duties (Ex. E, Decl. of Mary Fletcher ¶¶ 7–8); and (3) the SPD in effect in 2025 directed all participant inquiries for the Plan Administrator to the Texas Injury Benefit Plan Claims Department in Arkansas, with service of process directed to CT Corporation in Dallas (Ex. E, Decl. of Mary Fletcher ¶¶ 10–11).

2

de facto administrator doctrine and (2) the single integrated enterprise doctrine. (ECF No. 69 at 3.) Plaintiff's Motion did not argue that Defendants somehow misled him into sending a statutory document request to the wrong entity. The Court should decline to consider Plaintiff's new theory.

## 2. Even if considered, Plaintiff's estoppel argument fails

Even on the merits, Plaintiff's estoppel argument fails. The Fifth Circuit recognizes ERISA equitable estoppel only in narrow circumstances requiring proof of: "(1) a material misrepresentation; (2) reasonable and detrimental reliance upon the representation; and (3) extraordinary circumstances." *Mello v. Sara Lee Corp.*, 431 F.3d 440, 444–45 (5th Cir. 2005). Plaintiff cannot satisfy the first, indispensable element: that there was a material representation.

Here, the record refutes any assertion that Defendants misled Plaintiff. Plaintiff does not dispute that the December 9, 2024 and March 13, 2025 letters Plaintiff cites denied his benefit claims and advised him where to send an appeal of these benefits determinations. Nor does he dispute that the address was accurate. Instead, Plaintiff argues (ECF No. 79 at 5) that these letters told him to direct all further communications to Program Administrators LLC. This is an untenable argument. The letters plainly (and accurately) told him to send **benefit appeals** to Program Administrators, LLC. They did not say that every communication concerning his claim—or a statutory request for plan documents under 29 U.S.C. § 1024(b)(4)—should be sent there. Program Administrators, LLC's role was limited to benefits appeals, not plan-document disclosure or any other aspect of Plan administration, and the SPD separately identified the address for participant inquiries to the Plan Administrator and the address for service of legal process. (Ex. B, SPD at 47– 48; Ex. E, Decl. of Mary Fletcher ¶¶ 7–11.) Plaintiff cannot transform routine language regarding appeal rights in claim-denial letters into a basis for statutory penalties. Plaintiff's apparent

misreading of these letters does not mean Defendants made a misrepresentation, much less one that could trigger penalties against the named Plan Administrator.[2]

**B. Plaintiff's Belated Prejudice Argument Relies on New Evidence Submitted with his Reply and Fails to Establish Entitlement to Penalties.**

Plaintiff's Reply attaches medical invoices for the first time and, based on those new exhibits, argues that the alleged non-disclosure prejudiced his ability to pursue appeals and manage medical liabilities. The Court should not allow Plaintiff to augment his summary judgment motion through new evidence and new theories offered only in reply, as discussed *supra* in II.A.1.

In any event, the new materials do not establish prejudice. Plaintiff asserts that, without the SPD and Plan Document, he was unable to review the Plan's subrogation and reimbursement provisions, identify medical-provider networks, or understand the "administrative routing" necessary to protect himself from collection activity. (ECF No. 79 at 10.) But he never identifies any information in the SPD or Plan Document that he lacked, that was material, or that would have changed the outcome of his claims or appeals. Further, the medical invoices attached to the Reply do not bridge the gap in Plaintiff's argument. They show, at most, that Plaintiff incurred medical charges; they do not show that any term in the SPD or Plan Document would have identified a provider network, prevented "collection activity", or otherwise materially altered the handling or outcome of any claim or appeal. Nor do they show that Plaintiff lost any appeal right, missed any

---

[2] Plaintiff's quotation (ECF No. 79 at 3) of *Bourgeois v. Pension Plan for Employees of Santa Fe International Corps.*, 215 F.3d 475 (5th Cir. 2000), is divorced from context. *Bourgeois* held that a plan can be equitably estopped from enforcing a plan limitations period, not whether a plaintiff can affirmatively seek statutory penalties under § 1132(c)(1) for a document request directed to an improper recipient. The Fifth Circuit's decision in *Connecticut General Life Insurance Co. v. Humble Surgical Hospital, L.L.C.*, 878 F.3d 478, 486–87 (5th Cir. 2017), which Defendants cited in their Response and which Plaintiff does not meaningfully address, controls here: penalties under § 1132(c)(1) are available only against the named plan administrator, and only when a proper request has been made to that administrator. Plaintiff's effort to manufacture liability through estoppel against a third-party appeals administrator is impermissible.

deadline, or was otherwise deprived of any procedure because of the alleged non-disclosure. Nor does he identify any appeal right, deadline, or procedure that he missed because of the alleged non-disclosure. That omission is especially important here because Plaintiff's February 19, 2025 letter requested "ALL information and documentation relevant to my claim for benefits"—language tracking the claims-procedure regulations, not a clear request for § 1024(b)(4) plan documents. *See Kamboj v. Shell U.S., Inc.*, No. H-24-3458, 2025 WL 254113, at *4–5 (S.D. Tex. Jan. 21, 2025). It is also undisputed that Plaintiff acknowledged receipt of the SPD in 2022 and also attached the Plan Document to his Amended Complaint (Dkt. 16).

On Plaintiff's own motion, these disputes are fatal. Even if prejudice is only one factor in the Court's discretionary analysis, Plaintiff still bears the burden to show he is entitled to judgment as a matter of law. He has not done so.

## C. Plaintiff's Evidentiary Objection to Defendants' Exhibit D Should be Overruled.

Plaintiff objects to Defendants' Exhibit D, his 2022 Acknowledgment of Receipt of the SPD, under Federal Rules of Evidence 401, 402, and 403. The Court should overrule this objection. Exhibit D is relevant because it shows that Plaintiff previously received, and acknowledged receipt of, the SPD—one of the very documents he now alleges was withheld. This information is highly relevant to prejudice, to Plaintiff's new claim that he was navigating the process "blind," and to the Court's discretionary analysis under 29 U.S.C. § 1132(c)(1).

Plaintiff's assertion that Exhibit D became irrelevant because of a break in his employment is unsupported by competent summary judgment evidence. At most, this argument goes to the weight of the exhibit and the merits of Plaintiff's prejudice argument, but it does not impact its admissibility.

Plaintiff's Rule 403 argument fares no better. This is a summary judgment motion to be decided by the Court, not a jury. Indeed, evidence at summary judgment need not be presented in an admissible format; it must only be *able* to be presented in an admissible format. *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) ("At the summary judgment stage, materials cited to support or dispute a fact need only be capable of being "presented in a form that would be admissible in evidence."). Rule 403's concern with unfair prejudice and jury confusion therefore has little force here, and Defendants offer Exhibit D for the limited and proper purpose of showing Plaintiff's prior receipt and acknowledgement of the SPD, not to suggest continuous employment.

### III.    CONCLUSION

For these reasons and the reasons set forth in Defendants' Response in Opposition to Plaintiff's Partial Motion for Summary Judgment, Defendants respectfully request that the Court deny Plaintiff's Motion for Partial Summary Judgment in its entirety.

DATED:  June 3, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____

Linda C. Schoonmaker
lschoonmaker@seyfarth.com
TX Bar No. 17806300
Dena Moghtader
dmoghtader@seyfarth.com
TX Bar No. 24127997
SEYFARTH SHAW LLP
700 Milam Street
Suite 1400
Houston, Texas  77002-2812
Telephone:  (713) 225-2300
Facsimile:  (713) 225-2340

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2026, a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record. A courtesy copy will be emailed to the Plaintiffs:

> Marcus Sheffield
> 209 Alligator Creek
> Seguin, Texas 78155
> (817) 298-8551
> mtylersheffield@gmail.com
>
> *Plaintiff, Pro Se*
>
> Tory Robinson
> 1130 E. Ledbetter Drive, Apt 109
> Dallas, Texas 75216
> (469) 559-6670
> toryrobinson445@yahoo.com
>
> *Plaintiff, Pro Se*

Linda C. Schoonmaker

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MARCUS SHEFFIELD and<br>TORY ROBINSON,<br><br>      Plaintiffs<br><br>   v.<br><br>TYSON FOODS, INC., TYSON FARMS,<br>INC., HILLSHIRE BRANDS COMPANY,<br>DONNIE KING, MELVIN FULSON,<br>SHANNON JANDORF, BRIAN<br>ENGELHARDT, JOHN "TRENT"<br>PONTIUS, SAMANTHA SPEIGHTS,<br>CECILIA PEREZ, BECCA BURKETT,<br>KIMBERLY HERRERA, TREVOR<br>WHITTINGTON, MATT MAUK, JESS<br>CHADDICK, ZENIFF FLORES, TREVOR<br>BARKER, CRAIG DENTON, JESSICA<br>BECERRA, PRECIOUS JOHNSON, AND<br>FRED WOODS,<br><br>      Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. SA-25-CV-1442-XR |

**DECLARATION OF MARY FLETCHER**

1. My name is Mary Fletcher. I am over the age of eighteen and I have personal knowledge of the facts stated in this declaration and, if called to testify, I could and would testify competently to them.

2. I am employed by a Tyson Foods company as Managing Director, Integrated Health Services. In that role, I am familiar with the administration and operation of The Tyson Foods, Inc. Texas Injury Benefit Plan (the "Plan"), including the Plan's governing documents and the Summary Plan Description ("SPD"), and Tyson's third-party arrangements for claim appeals administration.

3. Tyson Foods, Inc. is the named Plan Administrator for the Plan. The Plan provides that Tyson is assisted in Plan Administration by the Claims Administrator and the Appeals Committee.

1

4.   The Plan defines the Appeals Committee as the designed decision-maker appointed by the Plan Administrator to determine benefit appeals.

5.   The Plan provides that the Appeals Committee's authority is limited to discretionary authority and ultimate decision-making authority with respect to final appeals of denied claims, and that it otherwise holds no further authority, responsibility, or liability related to the administration of the Plan.

6.   As of February 2025, Tyson, specifically the Claims Department, serves as the Claims Administrator for the Plan. As a result, all first-level benefit determinations were administered internally at Tyson through the Claims Department.

7.   As of February 2025, Program Administrators, LLC ("Program Administrators") was the third-party administrator responsible for determining appeals of benefit claims under the Plan.

8.   Program Administrators' role was limited to determining appeals of benefit claims. Program Administrators had no other obligations or duties in connection with Plan administration.

9.   The SPD provides Plan participants with details, including contact information, regarding the Plan Administrator.

10.  The SPD in effect in 2025 states that participants may send questions for the Plan Administrator "c/o the Texas Injury Benefit Plan Claims Department, Tyson Foods, Inc., 2231 W. Martin Luther King Blvd., Fayetteville, Arkansas 72707."

11.  The SPD also advises that service of legal process may be sent to the Company, "c/o CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201." The Claims Department is now located at 2008 S. Thompson St., Springdale, Arkansas 72764.

I declare under penalty of perjury that the foregoing is true and correct.

2

Executed on the 14th day of May, 2026 in Washington County, Arkansas.

Mary Fletcher (May 15, 2026 15:44:16 CDT)

Mary Fletcher

3