**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MARCUS SHEFFIELD and<br>TORY ROBINSON,<br><br>    Plaintiffs<br><br>  v.<br><br>TYSON FOODS, INC., TYSON FARMS, INC., HILLSHIRE BRANDS COMPANY, DONNIE KING, MELVIN FULSON, SHANNON JANDORF, BRIAN ENGELHARDT, JOHN "TRENT" PONTIUS, SAMANTHA SPEIGHTS, CECILIA PEREZ, BECCA BURKETT, KIMBERLY HERRERA, TREVOR WHITTINGTON, MATT MAUK, JESS CHADDICK, ZENIFF FLORES, TREVOR BARKER, CRAIG DENTON, JESSICA BECERRA, PRECIOUS JOHNSON, AND FRED WOODS,<br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § § § § § | Case No. SA-25-CV-1442-XR |

## DEFENDANTS' OPPOSED MOTION TO STAY WRITTEN DISCOVERY BY PLAINTIFFS AND STAY THE LAWSUIT

Defendants respectfully move for entry of an order staying Plaintiffs' written discovery, including all outstanding and future requests for production, interrogatories, and requests for admission, and this lawsuit, until after the Parties' settlement conference currently scheduled for August 24, 2026, and for such other relief as the Court deems appropriate. In support of their Motion, Defendants state as follows.

1.  Plaintiffs have repeatedly served written discovery while simultaneously pursuing motion practice that has imposed unnecessary burden and expense on Defendants. Specifically, Plaintiffs have served numerous discovery requests, including:

- Five Requests for Production on February 20, 2026, with each request containing at least two distinct subparts;

- **Two sets** of Requests for Production on March 29, 2026, containing 15 total requests;

- 7 Requests for Admission on March 22, 2026;

- 49 Requests for Admission on March 28, 2026, bringing the total number of Requests for Admission to 56, well in excess of the 30 permitted by the Local Rules; and

- 13 Requests for Production on June 23, 2026, with each request containing at least two distinct subparts.

2. These multiple, overlapping rounds of written discovery have proceeded against a backdrop of Plaintiffs' frivolous and harassing motion practice. Just in June alone, Plaintiffs filed two frivolous motions, the Opposed Motion to Compel Production and Lift Stay for Limited Purposes (Dkt. 88) and the Opposed Motion for Sanctions Regarding Willful Discovery Fraud, Perjury, and Spoliation (Dkt. 89.) Although Defendants are not required to prepare and file a formal response to these frivolous motions[1], Defendants still must read the motions in order to address them if necessary in connection with the settlement conference, further diverting Defendants' resources before the upcoming settlement conference.

3. Defendants therefore ask this Court to stay this lawsuit, or in the alternative, stay the due date of Defendants' objections and responses to Plaintiffs' June 23, 2026 Requests for Production—as well as any additional discovery issued by Plaintiffs— pending the outcome of the August 24, 2026 settlement conference until September 25, 2026 in order to promote efficiency and conserve Defendants' resources.

---

[1] *See* Dkt. 73 at 2.

326996467v.1

4.   The Federal Rules of Civil Procedure contemplate such an action.  Fed. R. Civ. P. 26(c)(1) authorizes the Court, for good cause, to issue a protective order to protect a party from annoyance, oppression, undue burden, or expense, including by forbidding discovery, limiting discovery, or specifying the terms on which discovery may proceed. Issuing a stay here is in the spirit of Rule 26. Rule 26 also requires discovery to be proportional to the needs of the case, considering, among other things, the importance of the issues, the amount in controversy, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). None of Plaintiffs' discovery requests served on June 23, 2026 have any bearing on the claims against Defendants.[2]

5.   Fed. R. Civ. P. 26(b) "has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Crosby v. Louisiana Health Service & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) (citing *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1162 (10th Cir. 2010)). That is exactly what Plaintiffs' discovery has been throughout this litigation: unwieldy, burdensome and a speculative fishing expedition.

6.   Courts have broad discretion to manage discovery, including by staying or limiting discovery where doing so will promote efficiency, avoid undue burden, or conserve party and judicial resources. A temporary stay is particularly appropriate where the requested pause is limited in duration and may avoid unnecessary discovery expense while the parties pursue meaningful settlement efforts.

7.   Plaintiffs will suffer no meaningful prejudice from a stay of either this lawsuit or written discovery. The stay would last only until after the August 24, 2026 settlement conference, or

---

[2] For example, Plaintiffs' June 23, 2026 Requests for Production, request the connection logs, IP addresses, Wi-Fi connection data, and VPNs for certain custodians; "physical access logs" for custodians; and "time and attendance manual adjustments" for unnamed "material witnesses." *See* Exhibit A.

3

until such other date as the Court orders. If this matter does not resolve at the settlement conference, Plaintiffs may pursue appropriate discovery and move forward on litigating this matter at that time, subject to the Federal Rules, the Court's scheduling order, and any limitations the Court deems appropriate.

Wherefore, Defendants respectfully request this Court to grant Defendants' Motion.

DATED: July 9, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: _Linda C. Schoonmaker_

Linda C. Schoonmaker
lschoonmaker@seyfarth.com
TX Bar No. 17806300
Dena Moghtader
dmoghtader@seyfarth.com
TX Bar No. 24127997
SEYFARTH SHAW LLP
700 Milam Street, Suite 1400
Houston, Texas 77002-2812
Telephone: (713) 225-2300
Facsimile: (713) 225-2340

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with Plaintiffs on July 6, 2026 via email. Plaintiff Robinson is opposed to this Motion and Plaintiff Sheffield is opposed to this Motion.

_Linda C. Schoonmaker_

Linda C. Schoonmaker

4

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2026, a true and correct copy of the foregoing document will be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record. A courtesy copy will be emailed to the Plaintiffs as follows:

Marcus Sheffield
209 Alligator Creek
Seguin, Texas 78155
(817) 298-8551
mtylersheffield@gmail.com

*Plaintiff, Pro Se*

Tory Robinson
1130 E. Ledbetter Drive, Apt. 109
Dallas, Texas 75126
(469) 559-6670
toryrobinson445@yahoo.com

*Plaintiff, Pro Se*

Linda C. Schoonmaker

5